UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EARL HILL,<br><br>    Petitioner,<br><br>    v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>    Respondents. | Case No. 2:98-cv-00914-KJD-DJA<br><br>**ORDER** |

    In this habeas corpus action, the petitioner, James Earl Hill, is represented by appointed counsel, the Federal Public Defender for the District of Nevada (FPD). The case was initiated, *pro se*, on June 16, 1998. *See* Petition for Writ of Habeas Corpus (ECF No. 3). After the FPD was appointed to represent Hill, and after discovery proceedings, Hill filed an amended habeas petition on November 1, 1999 (ECF No. 55). Respondents filed a motion to dismiss (ECF No. 64) on February 10, 2000, asserting (among other grounds for dismissal) that certain of the claims in Hill's amended petition were unexhausted in state court. On August 27, 2001, the Court granted the motion to dismiss in part and dismissed this action without prejudice and without entry of a judgment, and administratively closed the case subject to reopening, to allow Hill to exhaust claims in state court. *See* Order entered August 27, 2001 (ECF No. 79) (copy of order filed by Hill as Exhibit 198 (ECF No. 127-1)).

    On November 5, 2021, Hill filed a motion to reopen this case (ECF No. 126), stating that the state-court proceedings are now concluded. On November 9, 2021, the respondents filed a response to that motion (ECF No. 128) stating that they do not oppose the motion. The Court will grant Hill's motion, will order this action reopened, and will set a schedule for further proceedings.

1

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Administratively Reopen Habeas Proceedings (ECF No. 126) is **GRANTED**. The Clerk of the Court is directed to update the docket for this case to reflect that it is administratively reopened.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court shall, on the docket for this case, substitute Calvin Johnson for E.K. McDaniel, as the respondent warden, and Aaron Ford for Frankie Sue Del Papa, as the respondent Nevada Attorney General.

**IT IS FURTHER ORDERED** that the following schedule will govern the further proceedings in this action:

1. Second Amended Petition. Petitioner will have 60 days from the date of this order to file a second amended petition for writ of habeas corpus. The second amended petition must specifically state whether each ground for relief has been exhausted in state court; for each claim that has been exhausted in state court, the second amended petition must state how, when, and where that occurred.

2. Response to Petition. Respondents will have 90 days following the filing of the second amended petition to file an answer or other response to the second amended petition.

3. Reply and Response to Reply. Petitioner will have 60 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

4. Briefing of Motion to Dismiss. If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

5. Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered

premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

6. Evidentiary Hearing.  If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer.  Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must explain why an evidentiary hearing is warranted and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, where the transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 10 day of November, 2021.

_____
KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE

3