UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES EARL HILL,

                Petitioner,

v.

CALVIN JOHNSON, et al.,

                Respondents.

Case No. 2:98-cv-00914-KJD-DJA

**ORDER**

## I. INTRODUCTION

Petitioner James Earl Hill, a Nevada prisoner, has filed a counseled second-amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 135.) Respondents moved to dismiss Hill's second-amended petition, arguing that it contains claims that are not cognizable, are unexhausted, and/or are procedurally barred. (ECF No. 150.) On August 7, 2023, this Court granted the motion, in part, finding that (1) grounds 1, 2, and the ineffective-assistance-of-trial-counsel ("IATC") claims contained within grounds 4-12 and 14-17 were procedurally defaulted, deferring consideration of whether Hill could demonstrate cause and prejudice under *Martinez v. Ryan* to overcome the procedural default of these grounds until after the filing of an answer and reply in this action, (2) the substantive claims and ineffective-assistance-of-appellate-counsel ("IAAC") claims in grounds 3-11 and 14-17 were procedurally defaulted, and (3) the substantive claims and IAAC claims in grounds 12-13 were procedurally defaulted and/or non-cognizable. (ECF No. 168.) On September 7, 2023, Hill moved for reconsideration of this Court's order on the motion to dismiss. (ECF No. 169.) Respondents filed their response on November 1, 2023, and Hill replied on November 8, 2023. (ECF Nos. 172, 174.) For the reasons discussed below, the Court denies the motion for reconsideration.

## II. DISCUSSION

In his motion for reconsideration, contrary to this Court's previous order, Hill argues that grounds 1(a), 1(d), and 1(e) are fully exhausted. (ECF No. 169.) Because this Court has jurisdiction over this case, it can reconsider its interlocutory order on the motion to dismiss for sufficient cause. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); Local Rule (LR) 59-1 ("The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retrains jurisdiction."). This Court will now determine whether there is sufficient cause to reconsider its previous exhaustion rulings on grounds 1(a), 1(d), and 1(e).

### A. Ground 1(a)

In ground 1(a), Hill alleges that his trial counsel failed to prepare for his trial and investigate his innocence, including investigating the following witnesses: Mary Golden, Chester Smith, and Clarence Cross. (ECF No. 135 at 16–23.) Respondents previously argued that in his state habeas petition, Hill referenced all three individuals—Golden, Smith, and Cross—but in his state habeas appeal he only referenced Golden. (ECF No. 150 at 7.) Hill rebutted that ground 1(a) is exhausted because "[t]he relevant declarations and petition, containing allegations and references on specific individuals, was filed with the Nevada Supreme Court as part of the record on appeal." (ECF No. 154 at 15.) This Court found that although Hill included his state petition for post-conviction relief in his appendix for his state habeas appeal filed with the Nevada Supreme Court, this inclusion was insufficient for exhaustion purposes. (ECF No. 168 at 12–13 (citing *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir.2005) (exhaustion requires presentation of federal constitutional issues before the highest available state court "within the four corners of his appellate briefing")).) This Court then found that because only Golden and Cross were mentioned within the four corners of

Hill's opening brief to the Nevada Supreme Court, ground 1(a) was unexhausted to the extent it incorporated Smith. (*Id*. at 13.)

Hill asserts that this Court's exhaustion analysis on ground 1(a) was incorrect for two reasons: (1) he was only required to exhaust the federal, constitutional claim, not the individual facts within the claim, and the inclusion of additional facts in federal court does not render ground 1(a) unexhausted, and (2) by including the declaration in the appendix to his brief on appeal in state court, Hill properly presented the facts to the Nevada Supreme Court. (ECF No. 169 at 4.)

Regarding Hill's former assertion, this Court does not interpret ground 1(a) as broadly as Hill. Hill articulates ground 1(a) as a claim of trial counsel ineffectiveness surrounding the failure to investigate, and he is merely using Golden, Smith, and Cross as bases for factual support for the claim. This Court construes ground 1(a) more narrowly: Hill's trial counsel's failure to investigate Golden, Smith, and Cross. As such, rather than Smith being a supportive fact within ground 1(a), this Court finds that Smith is foundational to ground 1(a). In other words, Golden, Smith, and Cross are the bedrock facts of ground 1(a) because without them ground 1(a) would be entirely lacking in substance. Accordingly, this Court reaffirms that ground 1(a) is unexhausted to the extent it incorporates Smith because Smith was not included within Hill's opening brief to the Nevada Supreme Court.

Turning to Hill's latter assertion, Hill contends that the Ninth Circuit has considered and confirmed proper presentation by way of the "appendix rule" under Nevada's state appellate procedural rules. (ECF No. 169 at 6.) In support of this contention, Hill cites *Emanuel v. Neven*, No. 21-15498, 2022 WL 2915595, at *4–8 (9th Cir. July 25, 2022). (*Id*.) Not only is *Emanuel* an unpublished, panel case, but Hill cites to the concurring opinion in *Emanuel*. Hill also supports this assertion by citing *Insyxiengmay v. Morgan*, *Scott v. Schriro*, *Greenway v. Schriro*, and

*Gallegos v. Ryan*. (ECF No. 169 at 6–7.) However, this Court has already determined that "Hill's reliance on [these cases] is unavailing because the exhaustion analysis in these cases was tied to the relevant state procedures governing post-conviction review." (ECF No. 168 at 13.) Finally, Hill contends that the issue of whether including claims in an appendix satisfies the fair presentation requirement in an issue of federal law, not state law. (ECF No. 169 at 7 (citing *Scott v. Schriro*, 567 F.3d 573, (9th Cir. 2009) ("The only issue the state contests is whether including the claims in an appendix in a petition for review to the Arizona Supreme Court satisfied the fair presentation requirement for purposes of exhaustion. This is an issue of federal law, not state law.")).) This Court does not interpret this statement in *Scott* as saying that the so-called "appendix rule" utilized in *Scott* dictates regardless of applicable state incorporation by reference rules; rather, this Court interprets this statement in *Scott* as merely reiterating that fair presentation is an issue of federal law. Consequently, because incorporation by reference is a procedurally incorrect manner to present issues to the Nevada appellate courts, this Court reaffirms that the inclusion of Smith within Hill's appendix does not render that portion of ground 1(a) exhausted.

   **B.     Ground 1(d)**

   In ground 1(d), Hill alleges that his trial counsel failed to investigate, interview, and present at trial the following witnesses who could have aided in his defense: Shirley Baker, Calvin Walker, Tanzie Austin, Cosby Ann Bailey Ford, Virginia Denson, John Henry Bolton, Essie Walker, Sidney Wildridge, Calvin Walker, James Edward Price, and James Ray Taylor. (ECF No. 135 at 29–34.) Respondents previously argued that Hill included Ford as a possible mitigating witness in his state habeas petition, but he did not include her in his claim regarding witnesses for the guilt phase of the trial. (ECF No. 150 at 8.) Hill rebutted that the inclusion of Ford did not fundamentally alter the claim presented to the state courts and that the other witnesses—besides Baker, Bailey,

and Price—were referenced in his state habeas petition, which, along with the declarations of these witnesses, were included in his appendix to his state habeas appeal to the Nevada Supreme Court. (ECF No. 154 at 15–16.) This Court found that ground 1(d) was only exhausted to the extent it included the witnesses mentioned within the four corners of Hill's opening brief to the Nevada Supreme Court, and because only Baker and Price were mentioned, ground 1(d) was unexhausted to the extent it incorporates witnesses other than Baker and Price. (ECF No. 168 at 13.)

As with ground 1(a), Hill asserts that this Court's exhaustion analysis on ground 1(d) was incorrect for two reasons: (1) he was only required to exhaust the federal, constitutional claim, not the individual facts within the claim, and the inclusion of additional facts in federal court does not render ground 1(d) unexhausted, and (2) by including the facts supporting this claim in the appendix to his brief on appeal in state court, Hill properly presented the facts to the Nevada Supreme Court. (ECF No. 169 at 8.) For the reasons discussed in ground 1(a), this Court finds that these arguments lack merit. Indeed, the eleven witnesses discussed above make up the substance of ground 1(d) and were not merely additional facts. And Hill fails to support his contention that the so-called "appendix rule" applies in this case. Thus, this Court reaffirms that ground 1(d) is unexhausted to the extent it incorporates witnesses other than Baker and Price.

### C.     Ground 1(e)

In ground 1(e), Hill alleges that his trial counsel failed to fully examine the physical evidence, namely the inconsistencies between the physical crime scene and the testimony provided by Leroy. (ECF No. 135 at 34.) Respondents previously argued that while Hill referenced this claim in his state habeas petition, he did not include it in his appeal to the Nevada Supreme Court. (ECF No. 150 at 8.) Hill rebutted that this claim was included in his state habeas petition, which was included in his appendix to his state habeas appeal to the Nevada Supreme Court. (ECF No.

154 at 16.) This Court found that because ground 1(e) was not discussed within the four corners of Hill's opening brief to the Nevada Supreme Court, it was unexhausted. (ECF No. 168 at 14.)

Hill argues that this Court's exhaustion analysis on ground 1(e) was incorrect because he included this claim in the appendix to his brief on appeal in state court. (ECF No. 169 at 9.) Hill then argues in his reply brief that Respondents waived any argument that ground 1(e) was not properly exhausted because Respondents failed to address this argument in their response to the motion for reconsideration. (ECF No. 174 at 8.) This Court rejects both arguments. Regarding Hill's latter contention, Respondents argued generally that "documents attached to the appendix on appeal . . . do not serve to exhaust claims under state law." (ECF No. 172 at 5.) Although Respondents did not discuss ground 1(e) specifically, they discussed the basis of Hill's exhaustion contention for ground 1(e). And regarding Hill's former contention, for the reasons discussed in ground 1(a), Hill fails to support his contention that the so-called "appendix rule" applies in this case. Thus, this Court reaffirms that ground 1(e) is unexhausted.[1]

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the motion for reconsideration (ECF No. 169) is denied. Respondents have up to and including 45 days from the date of this order to file their answer to the remaining grounds in the second-amended petition (ECF No. 135).

DATED: 01/31/2024

KENT J. DAWSON
UNITED STATES DISTRICT COURT

---

[1] Notably, this Court previously found that the anticipatory default doctrine applies, so it considered Hill's unexhausted claims, including grounds 1(a), 1(d), and 1(e), technically exhausted but procedurally defaulted. (ECF No. 168 at 17.) This Court then found that Hill has met three of the four elements under *Martinez* for overcoming the procedural default of these grounds and deferred consideration of the fourth element. (*Id.* at 19–20.)